### Elk Valley Coal Co. v. Ross.

(Decided January 20, 1911.)

Appeal from Muhlenberg Circuit Court.

Contracts—Action Under—Evidence.—In this action to recover a balance alleged to be due under a contract for machinery, the case is made to turn upon the credit that should be given the respective witnesses, and upon a consideration of the entire record it cannot be, said that the chancellor did not do justice between the litigants.

JONSON, WICKLIFFE & JONSON for appellant.

WILLIS & MEREDITH for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The appellee sued in equity to recover a balance alleged to be due on a contract for machinery furnished by the firm of Holland-Ross Machine Co., of which appellee is the sole surviving partner, to the Elk Valley Coal Co. and the Elk Valley Coal Mining Co. A materialman's lien was asserted on the machinery and its sale in satisfaction of the balance due was sought. The claim as to the Elk Valley Coal Mining Co. was dismissed. The Elk Valley Coal Co. admitted the execution of the contract, but set up and relied upon its breach in several particulars, and sought to recover a judgment on account of damages sustained by it because of such breach. Proof was taken by deposition and interrogatories and the case submitted to the

chancellor for judgment. He allowed the plaintiff his claim of $810 and credited it by $300 damages allowed defendant on its counterclaim. Both parties being dissatisfied with the finding and judgment prayed and were granted an appeal to this court.

The proof is very conflicting, and it is impossible to say whether the judgment should have been for the plaintiff or the defendant. The chancellor being upon the ground and acquainted no doubt with the litigants, and perhaps with the witnesses, was in a better position to judge of their credibility than we. While in cases like this we do not give to his finding and judgment the weight which would be given to the verdict of a properly instructed jury, we nevertheless lean somewhat upon the judgment of the chancellor; and this is especially true where the evidence is so utterly irreconcilable as to leave the mine in doubt as to what should be done in the premises. Appellee shows good and sufficient cause for his delay in carrying out the contract. He likewise shows that the workmanship and material used in the manufacture of the machinery were of the best. All of this is abundantly proven by his witnesses. On the other hand, if defendant's witnesses are to be relied upon, the material used in the construction of this machinery was bad, the workmanship poor, and the machinery was inadequate to do the work for which it was purchased. The defendant likewise shows that the delay in the delivery of the machinery was unreasonable and inexcusable.

Thus the case is made to turn upon the credit that should be given the respective witnesses, and upon a consideration of the entire record we are not prepared to say that the chancellor did not do justice as between the litigants.

For this reason the judgment is affirmed.